IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:   01-cv-00748-WYD-KLM

ROBERT C. BARR and BARBARA S. BARR,
LAMMCO PROPERTIES, LTD., a Colorado corporation,
KENNETH J. SCHWEIZER and ARLENE J. SCHWEIZER,
VINCENT J. POTESTIO and CAROL A. POTESTIO, and
ORIN LOOS, for themselves and on behalf of all others similarly situated,

   Plaintiffs,

v.

QWEST COMMUNICATIONS COMPANY, LLC, a Delaware limited liability company,
SPRINT COMMUNICATIONS COMPANY L.P., a Delaware limited partnership,
LEVEL 3 COMMUNICATIONS, LLC, a Delaware limited liability company, and
WILTEL COMMUNICATIONS, LLC, a Delaware limited liability company,

   Defendants.

---

**ORDER CERTIFYING SETTLEMENT CLASS,
PRELIMINARILY APPROVING CLASS-ACTION SETTLEMENT,
AND APPROVING FORM AND MANNER OF NOTICE**

---

THIS MATTER comes before the Court on the Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice (ECF No. 138).  Counsel for Plaintiffs and Defendants have moved under Federal Rules of Civil Procedure 23(b) and (e) for an order: (1) certifying a settlement class; (2) preliminarily approving a class settlement on the terms and conditions set forth in the Colorado Class Settlement Agreement (the "Settlement Agreement"); and (3) approving forms and a program for class notice.  Terms capitalized herein and not defined shall have the meanings ascribed to them in the

Settlement Agreement.  The Court has reviewed and considered all papers filed in connection with the motion, including the Settlement Agreement, and all exhibits annexed thereto, and has heard the presentations of counsel appearing with respect thereto.  On the basis thereof, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT the Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice (ECF No. 138) is **GRANTED** as follows:

1. This Court has jurisdiction over the subject matter of this Action and jurisdiction over the Parties.

2. For settlement purposes only, this action may be maintained as a class action under Federal Rule of Civil Procedure 23 on behalf of a class under the Settlement Agreement (the "Settlement Class"), defined as follows:

> a class comprising all Persons who own or who claim to own, for any period of time during a Compensation Period, any Covered Property, *provided*, that "Settlement Class" or "Class" does not include: (1) Right-of-Way Providers and their predecessors, successors, parents, subsidiaries, and affiliates, past or present; (2) federal, state, and local governmental entities; (3) Native American nations and tribes; or (4) any Person who files a valid and timely exclusion on or before the Opt-Out Deadline.

3. In light of the agreement to settle the Action and the resulting elimination of individual issues that may otherwise have precluded certification of a litigation class, the prerequisites to class certification under Rule 23(a) are satisfied, to-wit:

    a. The Settlement Class is so numerous that joinder of all members is impracticable;

-3-

        b.     There are questions of law and fact common to members of the Settlement Class, including the central question of their right to compensation for Settling Defendants' occupation of Rights of Way with Telecommunications Cable Systems;

        c.     The claims of the Colorado Class Representatives, Lammco Properties, Ltd., Vincent J. and Carol J. Potestio, Kenneth J. and Arlene J. Schweizer, Robert C. and Barbara S. Barr, and Orin Loos are typical of the claims of the Settlement Class members.

        d.     The Colorado Class Representatives, represented by counsel experienced in complex litigation, will fairly and adequately protect the interests of the Settlement Class.

4.     In light of the agreement to settle the Action and the resulting elimination of individual issues that Defendants contend preclude certification of a litigation class, the questions of law and fact common to all members of the Settlement Class predominate over questions affecting only individual members of that Class, and certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of this controversy, satisfying Rule 23(b)(3).

5.     If the Settlement Agreement is not finally approved by the Court or for any reason does not become effective, the Settlement Class shall be decertified, all Parties' rights to litigate all class issues will be restored to the same extent as if the Settlement Agreement had never been entered into, and no Party shall assert that another Party is estopped to take any position relating to class certification.

6.     Lammco Properties, Ltd., Vincent J. and Carol J. Potestio, Kenneth J. and Arlene J. Schweizer, Robert C. and Barbara S. Barr, and Orin Loos are hereby designated as the Class Representatives for the Settlement Class.

7.     The following counsel are designated and authorized to act as Settlement Class Counsel:

Nels Ackerson
ACKERSON KAUFFMAN FEX, P.C.
1701 K Street, NW, Suite 1050
Washington, DC 20006

Kathleen C. Kauffman
ACKERSON KAUFFMAN FEX, P.C.
1701 K Street, NW, Suite 1050
Washington, DC 20006

Irwin B. Levin
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204

Scott D. Gilchrist
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204

Henry J. Price
PRICE, WAICUKAUSKI & RILEY, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204

Dan Millea
ZELLE HOFMANN, VOELBEL & MASON LLP
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415

Andrew W. Cohen
KOONZ, MCKENNEY, JOHNSON,
 DEPAOLIS & LIGHTFOOT, L.L.P.
2001 Pennsylvania Avenue, N.W., Suite 450
Washington, DC 20006

Charles W. Lilley
CHARLES LILLEY & ASSOCIATES PC
730 17th Street, Suite 670
Denver, CO  80202

8.     The terms and conditions set forth in the Settlement Agreement, including the provision for substantial cash payments to be made by Defendants to Class Members who become Qualified Claimants in return for the Release of Claims and conveyance of Telecommunications Cable System Easement Deeds, place the Settlement Agreement within the range of fair and reasonable settlements, making

appropriate further consideration at a hearing held pursuant to notice to the Settlement Class. The Court therefore preliminarily approves the Settlement Agreement and directs the parties to perform and satisfy the terms and conditions of the Settlement Agreement that are thereby triggered.

9. **A hearing (the "Fairness Hearing") shall be held on December 19, 2012 at 9:00 a.m. before the undersigned in Courtroom A1002**, Alfred A. Arraj United States Courthouse, Room A105, 901 19th Street, Denver, Colorado 80294-3589. The date of the Fairness Hearing will be included in the Notice and Summary Notice. The purpose of the Fairness Hearing will be to (a) determine whether the proposed Settlement Agreement is fair, reasonable, and adequate, and should be finally approved; (b) determine whether an order and judgment should be entered dismissing the claims of the Settlement Class Members and bringing the litigation of those claims to a conclusion; and (c) consider other Settlement-related matters and appropriate attorneys' fees. The Court may adjourn, continue, and reconvene the Fairness Hearing pursuant to oral announcement without further notice to the Class Members, and the Court may consider and grant final approval of the Settlement Agreement, with or without minor modification, and without further notice to Class Members.

10. The Court appoints Rust Consulting, Inc., of Minneapolis, Minnesota, to serve as Claims Administrator.

11. The Court has reviewed the Notice of Class Action, Proposed Settlement, and Settlement Hearing (the "Notice"), and the Summary Notice, attached to the Settlement Agreement, as Exhibits C and D, respectively. The Court approves as to

form the Summary Notice and the Notice.  The Court also approves the method of directing notice to Class Members, as set forth in paragraphs 12 and 13 below.

12.  As soon as practical following the receipt from Data Mapping Solutions, L.L.C. of updated Class Member identification information, the Claims Administrator shall prepare and cause individual copies of the Notice to be sent by United States Mail, first class postage prepaid, to members of the Settlement Class who currently own real property that underlies, adjoins, or includes a Right of Way on the Cable Side.  The Claims Administrator also shall mail copies of the Notice to any other potential Class Members that request copies or that otherwise come to its attention.

13.  As soon as publication schedules practically permit, but no sooner than five (5) days after the initial mailing of the Notice, the Claims Administrator shall cause the Summary Notice, the content of which shall be substantially as set forth in Exhibit D to the Settlement Agreement, to be published, as set forth in the plan of publication contained in the Declaration of Katherine Kinsella which the parties filed on April 13, 2012.

14.  The Court finds that the foregoing plan for notice to Class Members will provide the best notice practicable under the circumstances, and is in compliance with the requirements of Rule 23 and applicable standards of due process.

15.  Prior to the Fairness Hearing, counsel for Defendants and Settlement Class Counsel shall jointly file with the Court an affidavit from a representative of the Claims Administrator confirming that the plan for disseminating the Notice and the

Summary Notice has been accomplished in accordance with the provisions of paragraphs 12 and 13 above.

16.     Members of the Settlement Class who wish to exclude themselves from the Class must request exclusion within forty-five (45) days of the date of the initial mailing of Notice, and in accordance with the instructions set forth in the Notice.  Class Members who do not submit timely and valid requests for exclusion will be bound by the terms of the Settlement Agreement in the event it is approved by the Court and becomes effective, and by any orders and judgments subsequently entered in the Action, whether favorable or unfavorable, regardless of whether they submit a Claim Form to the Claims Administrator.  Class Members who submit timely and valid requests for exclusion will not be bound by the terms of the Settlement Agreement or by any orders or judgments subsequently entered in the Action, and they may not submit a Claim Form to the Claims Administrator.

17.     This Court finds that it has the authority under Federal Rule of Civil Procedure 70 and as provided in the Settlement Agreement to direct all Class Members who own a current interest in a Qualifying Parcel and who have not requested exclusion from a Settlement Class, regardless of whether they file a Claim Form for Landowner Benefits, to grant a Claims Administrator Telecommunications Cable System Easement Deed to the Settling Defendants, as provided in the Settlement Agreement.  Class Members shall be advised in the Notice and Summary Notice of the Court's delegation of authority to convey a Claims Administrator Telecommunications Cable System Easement Deed, unless they exclude themselves from the Settlement Class.

18. Class Members who do not request exclusion may submit written comments on or objections to the Settlement Agreement or other Settlement-related matters (including attorneys' fees) within forty-five (45) days of the date of the initial mailing of Notice. Any Class Member who has not requested exclusion may also attend the Fairness Hearing, in person or through counsel, and if the Class Member has submitted written objections, may pursue those objections. No Class Member, however, shall be entitled to contest the foregoing matter in writing and/or at the Fairness Hearing unless the Class Member has served and filed by first-class mail, postage prepaid and postmarked within forty-five (45) days of the date of the initial mailing of Notice, copies of the statement of objection, together with any supporting brief and all other papers the Class Member wishes the Court to consider (which must include the name and number of this case), and a notice of appearance from any counsel for the Class Member who intends to appear at the Fairness Hearing, provided, however, that counsel is not necessary as the Class Member may appear and personally object. Any such objection, brief, notice of appearance, or other related document must be filed with the Court at the following address:

> Alfred A. Arraj United States Courthouse
> Room A105
> 901 19th Street
> Denver, Colorado 80294-3589

and served on the following representative of Settlement Class Counsel:

> Fiber Optic Class Counsel
> P.O. Box 441711
> Indianapolis, IN 46244

and on the following representative of the Settling Defendants:

-9-

                              Emmett Logan
                              STINSON MORRISON HECKER, LLP
                              1201 Walnut, No. 2900
                              Kansas City, MO 64106-2150

Each statement of objection must identify (a) the name and address of the Class Member, (b) the name and address of the Class Member's counsel, if any, and, (c) in order to confirm Settlement Class membership, the legal description of the Class Member's Qualifying Parcel. Unless otherwise directed by the Court, any Class Member who does not submit a statement of objection in the manner specified above will be deemed to have waived any such objection.

      19. During the Court's consideration of the Settlement Agreement and pending further order of the Court, all proceedings in this Action, other than proceedings necessary to carry out the terms and provisions of the Settlement Agreement, or as otherwise directed by the Court, are hereby stayed and suspended.

      20. If the proposed Settlement Agreement is not approved by the Court or for any reason does not become effective, the Settlement Agreement will be regarded as nullified, certification of the Settlement Classes for settlement purposes will be vacated, and the steps and actions taken in connection with the proposed Settlements (including this Order (except as to this paragraph) and any judgment entered herein) shall become void and have no further force or effect. In such event, the parties and their counsel shall take such steps as may be appropriate to restore the pre-settlement status of the litigation.

21. Neither the Settlement Agreement nor the provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed, or deemed to be evidence of, an admission or concession on the part of any of the Colorado Class Representatives, Settlement Class Counsel, the Settling Defendants, any Class Member, or any other person, of any liability or wrongdoing by any of them, or of any lack of merit in their claims or defenses, or of any position on whether any claims may or may not be certified as part of a class action for litigation purposes.

22. The court retains jurisdiction over this action, the Parties, and all matters relating to the Settlement Agreement.

Dated: April 20, 2012.

BY THE COURT:

s\ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE